UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicholas O'Neil,
on behalf of himself and
others similarly situated,

    Plaintiff,

v.

Miller Pipeline, LLC,

    Defendant.

Case No. 2:20-cv-4034

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff and Defendant have settled Plaintiff's claims, which were brought under the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 206, *et seq.*, and under the Ohio Revised Code. Mot., ECF No. 46. The parties jointly move for leave to redact the monetary terms of the settlement from their forthcoming Joint Stipulation of Settlement and Release ("Joint Stipulation") and the accompanying exhibit. *Id.* The parties argue that they deem the monetary terms confidential. *Id.*

The Sixth Circuit has not specifically held whether settlements in FLSA cases can be filed under seal based simply on the parties' desire to keep the terms of the agreement confidential. The Sixth Circuit has, however, repeated the general principles that "[o]nly the most compelling reasons can justify non-disclosure of judicial records" and that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mi.*, 825 F.3d 299, 305 (6th Cir. 2016).

Applying these principles to FLSA cases, courts have taken various approaches. This Court, however, has concluded that "the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases" and that "a confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA." *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (internal quotation marks and citations omitted); *see also Macknight v. Boulder Healthcare, LLC*, No. 2:20-cv-4508, 2021 WL 391762, at *2 (S.D. Ohio Feb. 4, 2021); *Altier v. A Silver Lining LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *2 (S.D. Ohio Nov. 15, 2017). Therefore, absent an extraordinary reason, FLSA settlement agreements should not be sealed. *E.g., Zego*, 2016 WL 4449648, at *1.

The sole reason submitted in support of sealing the settlement agreement and Joint Stipulation is that the parties deem the monetary term of settlement confidential. That is not alone sufficient to warrant sealing. The parties' joint motion is therefore **DENIED WITHOUT PREJUDICE** to the parties filing a properly supported motion to seal.

**IT IS SO ORDERED.**

                                                */s/ Michael H. Watson*
                                                **MICHAEL H. WATSON, JUDGE**
                                                **UNITED STATES DISTRICT COURT**