UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICHOLAS O'NEIL, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

MILLER PIPELINE, LLC,

    Defendant.

CASE NO. 2:20-cv-4034

JUDGE MICHAEL H. WATSON

MAGISTRATE JUDGE VASCURA

## OPINION AND ORDER

Nicholas O'Neil ("Representative Plaintiff") brought the above-captioned action against Miller Pipeline, LLC ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay hourly non-exempt field employees for certain work. *Id.* Defendant denies these allegations and asserts that it properly paid its hourly non-exempt field employees, including Representative Plaintiff, for all hours worked. This matter was conditionally certified as a collective action, and a total of 238 field employees joined the action, including Representative Plaintiff (collectively "Plaintiffs"). ECF Nos. 1, 4–7, 11, 24, 28–33, 35–42. In addition to their counsel, Representative Plaintiff and Defendant participated in mediation and have settled Plaintiffs' claims and move for approval of their settlement agreement. Mot., ECF No. 48.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio

June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether hourly non-exempt field employees have any further entitlement to unpaid overtime. There is

no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the parties did not engage in formal discovery, Plaintiffs' counsel was able to assess Defendant's payroll and timekeeping information to perform a damages analysis.

Although the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect an additional 12 minutes of unpaid work each day. The exact amount will be calculated on an individual basis depending on how many workweeks each plaintiff worked. Representative Plaintiff will receive a $7,500 service award in addition to his individual payment. All of these payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of One Hundred Forty Eight Thousand Three Hundred Thirty Three Dollars and Zero Cents ($148,333.00) represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total

settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (S.D. Ohio August 18, 2021) (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

The parties' joint motion, ECF No. 48, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, and the distribution process.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**